THOMPSON, Judge.
Americas Homes, Inc. (“Americas”) appeals the entry of a non-final order denying its motion for temporary injunction. In its motion, Americas requested the removal of a sign that Michael P. Esler and Angel Esler (“Eslers”) erected on their property. Americas alleged that the sign caused them to lose sales of homes it owned in the vicinity. The Eslers argued that the posting of the sign on their own property was constitutionally protected free speech. In denying the motion, the trial court relied upon Zimmerman v. D.C.A. at Welleby, Inc., 505 So.2d 1371 (Fla. 4th DCA 1987). We affirm.
The Eslers purchased and lived on property bought from an affiliate of Americas. The property was classified as being in flood zone C, a category that normally is not subject to flooding. The Eslers lived on the property for two years without experiencing any flooding. After two years, the Eslers listed their *240 property for sale. Shortly thereafter, a flooded condition occurred in the vicinity of the Eslers’ property. At the time of the temporary injunction, the cause of the flooding was unknown. A broker advised the Eslers that they would not be able to sell their property unless they fully disclosed the flooding to potential buyers. The Eslers complied with their broker’s request by posting a sign which read: “DUE TO LOCAL FLOODING THIS PROPERTY IS FOR SALE.” The Eslers also posted photographs of the area during flooding on the sign. Not only does the sign not disparage Americas, it does not mention its name or the name of its affiliate.
Americas sued to enjoin the Eslers because the sign adversely affected its real estate business. It argued that a temporary injunction should have been entered because the Eslers tortiously interfered with its business relationships. Specifically, Americas lost potential customers. After the Eslers posted their signs, there was a drastic reduction in home sales. Americas alleged irreparable harm because it could not determine how many of the lost sales were a direct result of the Eslers’ sign and that it had no adequate remedy at law. Americas also alleged the existence of a business relationship under which it had clear legal rights. Zimmerman, 505 So.2d at 1372-73 (stating that developers demonstrated loss of potential sales for which remedy at law was inadequate because damages were speculative and unaseertainable). We find no merit in this argument, but we do find Zimmerman dis-positive.
In Zimmerman, the facts were much more egregious. Condominium owners who were upset with the developers of their building, picketed the sales office of the developer, displayed signs, and talked to pedestrians and prospective buyers of condominium units. Id. at 1372. As a result of their behavior, the developer lost prospective buyers. Id. at 1372-73. The appellate court allowed the condominium owners to picket peacefully and to display “signs, posters or other graphic material” because it was protected speech under the First Amendment and not subject to prior restraint regardless of whether the acts were tortious. Id. at 1376.
In the case before this court, the Eslers did not picket, confront potential Americas customers, or display signs away from their property. Freedom of speech is a fundamental personal right and liberty which is constitutionally protected under the First Amendment of the United Constitution and Article 1, Section 4 of the Florida Declaration of Rights. By placing the sign on their property in compliance with the instructions of their broker, the Eslers were exercising their right to free speech.
AFFIRMED.
PETERSON, C.J., and GOSHORN, J., concur.